

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 OCT 26 PM 12: 05

LORETTA G. WHYTE
CLERK

UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NUMBER 00-280 |
| KENNY KINDELL LUCAS | SECTION "N" |

### JUDGMENT REVOKING SUPERVISED RELEASE

THE DEFENDANT, KENNY KINDELL LUCAS, CAME AND APPEARED BEFORE THIS COURT WITH COUNSEL ON OCTOBER 25, 2006, FOR A HEARING ON THE GOVERNMENT'S AMENDED RULE TO REVOKE SUPERVISED RELEASE.

ON FEBRUARY 7, 2001,  THE DEFENDANT WAS SENTENCED BY THE UNITED STATES DISTRICT COURT  FOR  THE EASTERN DISTRICT OF LOUISIANA, JUDGE EDITH BROWN CLEMENT PRESIDING, TO SEVENTY MONTHS IMPRISONMENT, FOLLOWED BY A THREE-YEAR TERM OF SUPERVISED RELEASE UPON HIS RELEASE FROM CONFINEMENT. ON APRIL 25, 2002, THE PRISON SENTENCE WAS REDUCED TO FIFTY-FOUR MONTHS OF IMPRISONMENT. FOR THE DURATION OF HIS SUPERVISED RELEASE, THE DEFENDANT WAS ORDERED TO COMPLY WITH THE MANDATORY AND STANDARD GENERAL CONDITIONS OF SUPERVISED RELEASE THAT HAVE BEEN ADOPTED BY THIS COURT, AND PROHIBITED FROM POSSESSING A FIREARM. IN

Fee
Process
X  Dktd
CtRmDep
Doc. No.

ADDITION, CERTAIN SPECIAL CONDITIONS, INCLUDING PARTICIPATION IN A DRUG TESTING AND/OR TREATMENT PROGRAM AS DIRECTED BY THE PROBATION OFFICER, WERE IMPOSED. THE DEFENDANT'S TERM OF SUPERVISED RELEASE COMMENCED ON MARCH 5, 2004.

THE COURT FINDS THAT THE DEFENDANT HAS VIOLATED THE TERMS AND CONDITIONS OF HIS SUPERVISED RELEASE BY: (1) TESTING POSITIVE FOR HYDROMORPHONE ON JANUARY 25, 2005, AS A RESULT OF TAKING VICODINE PRESCRIBED TO HIS MOTHER; (2) TESTING POSITIVE FOR COCAINE ON MAY 10, AUGUST 2, AND OCTOBER 4, 2006;  (3) FAILING TO COMPLETE THE ORIENTATION AND LIFE SKILLS PROGRAM, AND FAILING TO REPORT ON AUGUST 17 AND SEPTEMBER 14, 2004, TO SCHEDULED SESSIONS THAT WOULD HAVE SATISFIED THIS CONDITION; (4) FAILING TO REPORT TO THE METHODIST COUNSELING CENTER FOR AN UNSCHEDULED URINALYSIS ON SEPTEMBER 6, 2004;  (5) FAILING TO SUBMIT MONTHLY SUPERVISION REPORTS FOR JULY 2005 THROUGH JANUARY 2006 UNTIL FEBRUARY 9, 2006; AND (6) FAILING TO REPORT TO THE UNITED STATES PROBATION OFFICE ON SEPTEMBER 6, 11, 18 AND 26, 2006.

THE COURT HAS CONSIDERED THE RELEVANT STATUTES AND CASE LAW, AS WELL AS THE ADVISORY PROVISIONS OF THE  UNITED STATES SENTENCING GUIDELINES, AND THE CHAPTER 7 POLICY STATEMENTS OF THE UNITED STATES SENTENCING COMMISSION. BECAUSE THE DEFENDANT TESTED POSITIVE FOR COCAINE ON THE DATES PREVIOUSLY INDICATED, AND ADMITTED TO KNOWING AND VOLUNTARY USE AND POSSESSION OF COCAINE ON THE DATES

OF THAT USE, THE COURT FINDS THAT THE DEFENDANT UNLAWFULLY POSSESSED A CONTROLLED SUBSTANCE FOR PURPOSES OF 18 U.S.C. §3583(g)(1). THUS, THE COURT FINDS REVOCATION OF THE DEFENDANT'S SUPERVISED RELEASE AND IMPRISONMENT TO BE MANDATORY UNDER THAT STATUTE. HOWEVER, 18 U.S.C. §3583(D) REQUIRES THE COURT TO CONSIDER WHETHER THE AVAILABILITY OF APPROPRIATE SUBSTANCE ABUSE TREATMENT PROGRAMS, OR AN INDIVIDUAL'S CURRENT OR PAST PARTICIPATION IN SUCH PROGRAMS, WARRANTS AN EXCEPTION IN ACCORDANCE WITH THE UNITED STATES COMMISSION GUIDELINES FROM THE MANDATORY REVOCATION RULE OF SECTION 3583(g), WHEN CONSIDERING ANY ACTION AGAINST A DEFENDANT WHO FAILS A DRUG TEST. HAVING CONSIDERED THESE FACTORS, THE COURT DOES NOT FIND THAT AN EXCEPTION TO THE MANDATORY REVOCATION AND IMPRISONMENT REQUIREMENT OF 18 U.S.C. §3583(g) IS WARRANTED HERE.

WHILE ON SUPERVISED RELEASE, MR. LUCAS HAS REPEATEDLY USED ILLEGAL DRUGS, AND HAS FAILED TO COMPLY WITH THE OTHER CONDITIONS OF HIS SUPERVISED RELEASE THAT ARE DESIGNED TO ENSURE HIS SUCCESSFUL COMPLETION OF THE SENTENCE IMPOSED AND ARE REQUIRED COMPONENTS OF THAT SENTENCE. FURTHER, HE PREVIOUSLY PARTICIPATED IN AN OUTPATIENT DRUG TREATEMENT PROGRAM FOLLOWING HIS RELEASE FROM INCARCERATION. UNDER THESE CIRCUMSTANCES, THE COURT DOES NOT BELIEVE THAT OFFERING PARTICIPATION IN A SUBSTANCE ABUSE PROGRAM, AS AN ALTERNATIVE TO INCARCERATION, IS APPROPRIATE. RATHER, THE COURT FINDS THAT THE

DEFENDANT WOULD MORE APPROPRIATELY BENEFIT FROM PARTICIPATION IN DRUG TREATMENT PROGRAMS, SUCH AS THE "RESIDENTIAL DRUG TREATMENT PROGRAM, OFFERED BY THE BUREAU OF PRISONS TO INCARCERATED PERSONS. FINALLY, THE COURT HAS CONCERNS REGARDING THE DEFENDANT'S SAFETY.

EVEN IF THE COURT DID NOT FIND REVOCATION AND IMPRISONMENT TO BE MANDATORY UNDER SECTION 3583(G), THE COURT, FOR SIMILAR REASONS, FINDS REVOCATION AND IMPRISONMENT TO BE APPROPRIATE UNDER THE DISCRETIONARY AUTHORIZATION PROVIDED BY 18 U.S.C. §3583(E)(3).

HAVING FOUND REVOCATION AND IMPRISONMENT TO BE WARRANTED, THE COURT MUST DETERMINE THE APPROPRIATE TERM OF IMPRISONMENT. UNDER THE CHAPTER 7 POLICY STATEMENTS, THE APPLICABLE RANGE OF PRISON TIME DEPENDS ON THE DEFENDANT'S CRIMINAL HISTORY CATEGORY AND THE GRADE OF THE SUPERVISED RELEASE VIOLATION. ACCORDING TO POLICY STATEMENT §7B1.1(B), WHEN THERE IS MORE THAN ONE VIOLATION OF THE CONDITIONS OF SUPERVISION, THE GRADE OF THE SUPERVISED RELEASE VIOLATION IS DETERMINED BY THE VIOLATION HAVING THE MOST SERIOUS GRADE. HERE, THE DEFENDANT'S CRIMINAL HISTORY CATEGORY IS A "I" AND ALL OF THE SUPERVISED RELEASE VIOLATIONS ARE "GRADE C" VIOLATIONS. ACCORDINGLY, THE COURT FINDS THAT THE APPLICABLE RANGE OF IMPRISONMENT UNDER THE GUIDELINES IS 3-9 MONTHS.

THE CHAPTER 7 POLICY STATEMENTS, HOWEVER, ARE NOT BINDING ON THE COURT. RATHER, PURSUANT TO 18 U.S.C. §3583(e), THE COURT MAY

SENTENCE THE DEFENDANT TO UP TO THREE YEARS IMPRISONMENT LESS THE TIME FOR WHICH HE HAS BEEN INCARCERATED IN CONNECTION WITH THIS REVOCATION PROCEEDING.

ACCORDINGLY, PURSUANT TO THE SENTENCING REFORM ACT OF 1984, AS AMENDED AND AS MODIFIED BY THE RECENT UNITED STATES SUPREME COURT DECISIONS IN *UNITED STATES. v. BOOKER* AND *UNITED STATES v. FANFAN*, 125 S.Ct. 738 (2005), IT IS THE JUDGMENT OF THIS COURT THAT THE DEFENDANT'S TERM OF SUPERVISED RELEASE IMPOSED ON FEBRUARY 7, 2001, IS REVOKED, AND THAT THE DEFENDANT, KENNY KINDELL LUCAS, IS COMMITTED TO THE CUSTODY OF THE BUREAU OF PRISONS FOR A PERIOD OF 27 MONTHS.

REVOCATION AND IMPRISONMENT FOR THIS LENGTH OF TIME HAVE BEEN CHOSEN BECAUSE THE DEFENDANT: (1) HAS CONTINUED TO USE ILLEGAL DRUGS DURING HIS SUPERVISED RELEASE, INCLUDING EARLIER THIS MONTH; (2) THE DEFENDANT HAS NOT FULLY COOPERATED WITH HIS PROBATION OFFICER'S EFFORTS TO ENSURE THAT THE DEFENDANT SATISFIES THE CONDITIONS OF HIS SUPERVISED RELEASE; (3) TO ALLOW THE DEFENDANT FURTHER OPPORTUNITY TO BENEFIT FROM INTENSIVE DRUG TREATMENT PROGRAMS, INCLUDING THE "RESIDENTIAL DRUG TREATMENT PROGRAM" OFFERED THROUGH THE BUREAU OF PRISONS; AND (4) TO PROTECT THE PUBLIC, THE DEFENDANT, AND THE DEFENDANT'S FAMILY.

UPON RELEASE FROM IMPRISONMENT, THE DEFENDANT SHALL BE PLACED ON SUPERVISED RELEASE FOR A TERM OF NINE MONTHS. WITHIN 72 HOURS

OF RELEASE FROM THE CUSTODY OF THE BUREAU OF PRISONS, THE DEFENDANT SHALL REPORT TO THE PROBATION OFFICE IN THE DISTRICT TO WHICH THE DEFENDANT IS RELEASED.  WHILE ON SUPERVISED RELEASE, THE CONDITIONS OF SUPERVISED RELEASE IMPOSED ON FEBRUARY 7, 2001, SHALL REMAIN IN EFFECT. FURTHER, THE DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE, OR LOCAL CRIME, SHALL NOT POSSESS A FIREARM, AND SHALL COMPLY WITH THE MANDATORY CONDITIONS REQUIRED BY 18 U.S.C. §3583 AND SECTION 5D1.3 OF THE UNITED STATES SENTENCING GUIDELINES, AS WELL AS THE STANDARD CONDITIONS THAT HAVE BEEN ADOPTED BY THIS COURT.  IN ADDITION, THE FOLLOWING SPECIAL CONDITIONS ARE IMPOSED:

(1) THE DEFENDANT SHALL PARTICIPATE IN THE ORIENTATION AND LIFE SKILLS PROGRAM AS DIRECTED BY THE PROBATION OFFICER.

(2) THE DEFENDANT SHALL PARTICIPATE IN A PROGRAM OF TESTING AND/OR TREATMENT FOR SUBSTANCE ABUSE AS DIRECTED BY THE PROBATION OFFICER, AND CONTRIBUTE TO THE COST OF THAT TREATMENT TO THE EXTENT DEEMED CAPABLE BY THE PROBATION OFFICER.

(3) THE DEFENDANT SHALL MAINTAIN FULL-TIME EMPLOYMENT, BE ENROLLED IN FULL-TIME VOCATIONAL OR EDUCATIONAL TRAINING THAT WILL ALLOW HIM TO MAINTAIN FULL-TIME GAINFUL EMPLOYMENT, OR MAINTAIN A COMBINATION OF PART-TIME EMPLOYMENT AND PART-TIME VOCATIONAL AND EDUCATIONAL TRAINING THAT WILL ALLOW HIM TO MAINTAIN FULL-TIME

GAINFUL EMPLOYMENT.  IF THE DEFENDANT IS NOT SO EMPLOYED, HE MUST BE MAKING GOOD FAITH EFFORTS TO OBTAIN EMPLOYMENT AS ORDERED.

PURSUANT TO 18 U.S.C. §3583(F), IT IS FURTHER ORDERED THAT THE PROBATION OFFICER PROVIDE THE DEFENDANT WITH A WRITTEN STATEMENT SETTING FORTH ALL OF THE CONDITIONS TO WHICH THE TERM OF SUPERVISED RELEASE IS SUBJECT.

THE COURT RECOMMENDS TO THE BUREAU OF PRISONS THAT, IF POSSIBLE, THE DEFENDANT BE ASSIGNED TO A FACILITY WHERE HE CAN RECEIVE TREATMENT FOR DRUG ABUSE, INCLUDING, IF POSSIBLE, PARTICIPATION IN THE "RESIDENTIAL DRUG TREATMENT PROGRAM," AND RECEIVE MENTAL HEALTH TREATMENT. THE COURT FURTHER RECOMMENDS THAT THE DEFENDANT BE PLACED AT A FACILITY THAT WILL ADEQUATELY ADDRESS CONCERNS REGARDING THE DEFENDANT'S PERSONAL SAFETY WHILE HE IS INCARCERATED. FINALLY, TO FACILITATE THE DEFENDANT'S CONTACT WITH HIS FAMILY, THE COURT RECOMMENDS THAT THE DEFENDANT BE PLACED AT A FACILITY THAT IS AS CLOSE TO SOUTHEAST LOUISIANA AS IS PRACTICABLE GIVEN THE COURT'S OTHER RECOMMENDATIONS.

THE DEFENDANT IS TO SELF-REPORT ON NOVEMBER 13, 2006, AT 12:00 P.M.  UNTIL THAT TIME, THE DEFENDANT SHALL BE ALLOWED TO REMAIN ON BOND SUBJECT TO THE SAME CONDITIONS OF RELEASE IMPOSED BY THE UNITED STATES MAGISTRATE JUDGE ON OCTOBER 10, 2006. IN ADDITION, THE DEFENDANT, IN THE INTERIM, MUST CONTINUE WITH HIS PRESENT PROGRAM OF DRUG

TREATMENT AND TESTING, REMAIN ON ELECTRONIC MONITORING, AND RESIGN FROM HIS EMPLOYMENT WITH BEVERLY INDUSTRIES AS A TRUCK DRIVER.

NEW ORLEANS, LOUISIANA, THIS __26th__ DAY OF OCTOBER 2006.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

8