U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  SEP 2 4 2007
LORETTA G. WHYTE
CLERK

United States Court of Appeals
Fifth Circuit
**FILED**
August 31, 2007
Charles R. Fulbruge III
Clerk

# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 06-31173
Summary Calendar

D.C. Docket No. 2:00-CR-280-1

UNITED STATES OF AMERICA

    Plaintiff - Appellee

    v.

KENNY LUCAS

    Defendant - Appellant

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans.

Before JONES, Chief Judges, and REAVLEY and PRADO, Circuit Judges.

### J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

ISSUED AS MANDATE: SEP 2 4 2007

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit
By: _____
    Deputy

New Orleans, Louisiana  SEP 2 4 2007

___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**F I L E D**
August 31, 2007
Charles R. Fulbruge III
Clerk

No. 06-31173
Summary Calendar

UNITED STATES OF AMERICA

          Plaintiff-Appellee

v.

KENNY LUCAS

          Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:00-CR-280-1

Before JONES, Chief Judge, and REAVLEY and PRADO, Circuit Judges.

PER CURIAM:[*]

    Kenny Lucas appeals the district court's revocation of his supervised release and imposition of a 27-month term of imprisonment. Lucas specifically argues that the district court erred in considering public safety dangers that might arise if Lucas were to use cocaine while at his job as a dumptruck driver in deciding to revoke Lucas's supervised release. While the district court cited such concerns at Lucas's revocation hearing, the court expressly based its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

revocation of Lucas's supervised release upon Lucas's admitted, repeated possession and use of cocaine. *See* 18 U.S.C. § 3583(g). Accordingly, the district court did not abuse its discretion in revoking Lucas's supervised release and imposing a term of imprisonment. *See United States v. Spraglin*, 418 F.3d 479, 480 (5th Cir. 2005). Lucas's 27-month sentence did not exceed the three-year statutory maximum. *See* 18 U.S.C. § 3583(e)(3). His revocation sentence was therefore neither "unreasonable" nor "plainly unreasonable." *See United States v. Hinson*, 429 F.3d 114, 120 (5th Cir. 2005), *cert. denied*, 547 U.S. 1083 (2006). Finally, Lucas argues that the district court erred in citing Lucas's need for rehabilitation as a basis for its judgment. Lucas properly concedes that this argument is foreclosed by this court's decision in *United States v. Giddings*, 37 F.3d 1091, 1097 (5th Cir. 1994).

    AFFIRMED.